FILED
2023 Feb-07  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| NIKKI GOODLOE INGRAM BEY, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> REGIONAL ACCEPTANCE ) <br> CORPORATION, ) <br> ) <br> Defendant ) | Case No.   3:23-cv-00102-MHH |

## **MEMORANDUM OPINION**

On January 24, 2023, *pro se* plaintiff Nikki Goodloe Ingram Bey filed this action against Regional Acceptance Corporation. In her complaint, Ms. Ingram Bey asserts a claim against RAC under the Federal Debt Collection Practices Act, and she asserts several state law claims. (Doc. 1). Ms. Ingram Bey also filed an *in forma pauperis* affidavit and asks for permission to proceed without prepaying filing fees and costs. (Doc. 2).

Ms. Ingram Bey's request for IFP status triggers a two-step inquiry. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, a district court must examine the plaintiff's IFP affidavit and determine whether the plaintiff is economically eligible for IFP status under §1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). If the plaintiff is economically eligible for IFP status, then the district court must docket the case and move to step two. At

step two, the court must assess whether the allegations in the complaint meet the pleading standard under § 1915(e)(2). *Martinez*, 364 F.3d at 1307; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997). Under 28 U.S.C. § 1915, a district court must dismiss a complaint if the factual allegations are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010).

When reviewing a *pro se* complaint pursuant to § 1915, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

The Court finds that Ms. Ingram Bey qualifies for IFP status and grants her motion to proceed without prepayment of fees and costs. Therefore, the Court turns to § 1915(e)(2) and examines Ms. Ingram Bey's allegations against RAC to determine whether she has presented claims that have arguable merit in law and fact.

2

In her complaint, Ms. Ingram Bey explains that on August 17, 2022, she sent a $21 money order, a dollar bill, and a one-dollar silver coin to Regional Acceptance Corporation, accompanied by a written communication pursuant to the Texas Business and Commerce Code. (Doc. 1, ¶ 4). She alleges that RAC accepted and cashed the money order and accepted the additional $2 cash payments and that the acceptance was "FOR SETTLEMENT ACCORD AND SATISFACTION OF ANY AND ALL OUTSTANDING DEBTS." (Doc. 1, ¶ 5) (capitalization in complaint). Ms. Ingram Bey asserts that despite the payment and acceptance, RAC has called her and described her debt as outstanding. Ms. Ingram Bey contends that RAC misunderstands the accord and satisfaction and consequently is harassing her and causing damage to her credit report and her reputation. (Doc. 1, ¶¶ 7-8). Ms. Ingram Bey asks the Court to reduce her account balance to zero, order RAC to deliver to her title to the vehicle she bought using a loan from RAC, and award her damages, costs, and fees. (Doc. 1. ¶ 11).[1]

A document that Ms. Ingram Bey attached to her complaint states that Ms. Ingram Bey bought a Honda Accord on May 2, 2019. Ms. Ingram Bey entered a

---

[1] On September 16, 2022, Ms. Ingram Bey filed a similar complaint in Case No. 3:22-cv-01177-LCB. On January 18, 2023, the Court dismissed that case without prejudice for failure to pay the requisite filing fee after the Court denied Ms. Ingram Bey's motion for leave to proceed *in forma pauperis* because Ms. Ingram Bey did not provide adequate information about her financial status. (Case No. 3:22-cv-01177-LCB, Docs. 11, 12).

contract with RAC in Texas to finance the purchase. The loan matures in June of 2026. Ms. Ingram Bey made payments of $276.02 on June 18, 2022; $200 on August 10, 2022; $100 on August 16, 2022; $23 on August 18, 2022; and $150 on August 25, 2022. Her scheduled payment amount was $750.51, and she owed a contract balance of $30,667.76 on the vehicle loan. (Doc. 1, p. 14).[2]

The payment information that Ms. Ingram Bey provided with her complaint renders the claims in her complaint meritless. With respect to a claim under the FDCPA, Ms. Ingram Bey challenges RAC's continued efforts to collect on her account after she remitted her $23 payment which she regards as complete satisfaction of her debt. Under 15 U.S.C. § 1692f(a), a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The information that Ms. Ingram Bey provided with her complaint indicates that she has not paid the entire balance of her car loan, and she did not make the scheduled $750.51 payment on August 16, 2022. Therefore, Ms. Ingram Bey has not pleaded facts, that, if proven,

---

[2] It appears Ms. Ingram Bey's monthly payments were delinquent by nearly $5,000, so her loan payoff amount was just over $35,000. (Doc. 1, p. 14).

4

would enable her to establish that RAC's collection efforts are not authorized.[3]

As for Ms. Ingram Bey's state law claims, it is not clear whether Texas law, Alabama law, or the law of another state would govern those claims, but the Court is not aware of state law that would support Ms. Ingram Bey's contention that RAC's acceptance of a $21 money order, a one-dollar bill, and a one-dollar silver coin would satisfy a $30,667.76 debt simply because Ms. Ingram Bey indicated to RAC that the payment was sufficient to extinguish her debt.  The law of accord and satisfaction requires more.

> Alabama law permits discharge of a claim in accord and satisfaction:
>
> [i]f a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument . . . .

Ala. Code § 7-3-311(a).  The official comments to that statute state that the provision "does not apply" when "a debtor is seeking discharge of such a debt by paying less than the amount owed."  Ala. Code § 7-3-311, cmt. n.4.

---

[3] Moreover, Ms. Ingram Bey has not adequately alleged that RAC is a "debt collector" under the FDCPA.  *See* 15 U.S.C.A. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); *Kurtzman v. Nationstar Mort. LLC*, 709 Fed. Appx. 655, 660 (11th Cir. 2017) (Fair Dept Collection Practices Act claim failed because plaintiff did not adequately allege the defendant was a debt collector).

Under Alabama law, "a claim is unliquidated only where the damages 'are not yet reduced to a certainty in respect to amount, nothing more being established than the plaintiff's right to recover; or such as cannot be fixed by a mere mathematical calculation from ascertainable data in the case.'" *In re Boutwell*, No. CIV.A. 03-0355-WS-C, 2003 WL 25629875, at *7 (S.D. Ala. Dec. 15, 2003) (quoting *Madden v. Deere Credit Services, Inc.,* 598 So. 2d 860, 863 (Ala. 1992)). As the document attached to Ms. Ingram Bey's complaint illustrates, Ms. Ingram Bey's debt is liquidated – a known or easily calculable number representing the balance she owes on the loan for her automobile. *See Boutwell,* 2003 WL 25629875, at *7 (mortgages for fixed amounts constitute liquidated debts); *Madden,* 598 So. 2d at 863 (balance due under note and security agreement constituted a liquidated debt, even though a clerical error caused uncertainty as to the exact balance).

Ms. Ingram Bey has not adequately alleged that she has a bona fide dispute with RAC about the balance of her car loan. Good faith is a necessary component of a bona fide dispute. *Wallace v. Wallace*, 909 So. 2d 827, 834 (Ala. Civ. App. 2005) ("'While it is not necessary that the dispute or controversy should be well founded, it is necessary that it should be in good faith. Without an honest dispute, an agreement to take a lesser amount in payment of a liquidated claim is without

6

consideration and void. A dispute cannot be raised for the mere purpose of extorting money. And an arbitrary refusal to pay, based on the mere pretense of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule.'") (quoting *Ex parte Southern Cotton Oil Co.,* 207 Ala. 704, 93 So. 662, 664 (1922)). In her complaint, Ms. Ingram Bey does not allege that she believed in good faith that only $23 remained due on her car loan when she sent RAC a $23 payment in mid-August 2019. To the contrary, the record reflects that RAC received another $150.00 payment from Ms. Ingram Bey on August 25, 2022. It appears that Ms. Ingram Bey unilaterally attempted to extinguish her $30,000 debt with a $23 payment.

Because Ms. Ingram Bey has not alleged claims that have arguable merit in law or fact, the Court must dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). By separate order, the Court will dismiss this action without prejudice.

**DONE** and **ORDERED** this February 6, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE